**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-2824

RAÚL MARRERO-COLÓN,

Plaintiff, Appellant,

v.

PUERTO RICO ELECTRIC POWER AUTHORITY; LUIS A. VÁZQUEZ-GARCÍA, in his official capacity; MIGUEL A. LÓPEZ-RIVERA, in his official capacity; INSURANCE COMPANY XYZ; JOHN DOE; RICHARD DOE,

Defendants, Appellees,

HÉCTOR R. ROSARIO, Executive Director of PREPA; RAMÓN L. RODRÍGUEZ-MELÉNDEZ, General Administrator of the Labor Affairs Office; ANA T. BLANES-RODRÍGUEZ, Former Director of PREPA's Human Resources Division; RAMÓN COLLAZO-SANTINI,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colon, U.S. District Judge]

Before

Torruella, Selya, and Leval[*],
Circuit Judges

Rosa M. Nogueras de Gonzalez for appellant.
Marie L. Cortés Cortés with whom Llovet Zurinaga & López, PSC, was on the brief for PREPA, Luis A. Vázquez-García and Miguel A. López-Rivera.

---

[*] Of the Second Circuit, sitting by designation.

Zaira Z. Girón Anadón, Assistant Solicitor General, with whom Ileana M. Oliver Falero, Acting Deputy Solicitor General, and Maite Oronoz-Rodríguez, Acting Solicitor General, were on the brief for Rosario, et al.

_____

July 17, 2009

_____

**Per Curiam**.  Plaintiff Raúl Marrero-Colon appeals from the judgments of the United States District Court for the District of Puerto Rico, dismissing Plaintiff's case.  Plaintiff brought the suit against his employer, the Puerto Rico Electric Power Authority ("PREPA"), and individual defendants Héctor Rosario, Ramón L. Rodríguez-Meléndez, Ana T. Blanes-Rodríguez, Ramón Collazo-Santini, Luis A. Vázquez-García, and Miguel A. López-Rivera, who are administrators and supervisors at PREPA, who were sued in both their personal and official capacities.

Plaintiff is a member of Puerto Rico's New Progressive Party ("NPP").  His suit alleged discrimination against him in his employment resulting from the preference of various PREPA officials for Puerto Rico's Popular Democratic Party ("PDP").  The suit asserted a host of claims under the First, Fifth, and Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Uniformed Services Employment and Re-employment Rights Act (38 U.S.C. § 4301 et seq.), the Veterans Preference Act (5 U.S.C. § 3501 et seq.), 42 U.S.C. § 2000e-3(a), and the Fair Labor and Standards Act (29 U.S.C. §§ 215(a)(3) and 216).  He also raised various local law claims.

The district court dismissed all of the federal claims on the pleadings, except for the discrimination and retaliation claims brought under § 1983 against López-Rivera and Vázquez-García.  The court granted Defendants' motion for summary judgment dismissing

-3-

the remaining federal claims. The court dismissed the supplemental state law claims without prejudice. We conclude that the district court properly dismissed many claims as time-barred and properly granted summary judgment on the § 1983 discrimination and retaliation claims. Finding no merit in any of Plaintiff's multitudinous arguments, we AFFIRM the judgment.

## DISCUSSION

The complaint alleged numerous instances in which Plaintiff failed to receive a promotion or some other benefit. We discuss only some of his numerous claims on appeal, finding the others too insubstantial to warrant discussion.

Many of Plaintiff's claims alleged unconstitutional discrimination under § 1983 and were dismissed as untimely. State law governs the statute of limitations for claims brought under § 1983. Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352-53 (1st Cir. 1992). In Puerto Rico, one must bring a claim under 42 U.S.C. § 1983 within one year of the time the cause of action accrues. Id. at 353. Plaintiff filed his complaint on October 14, 2004. Therefore, under this general rule, any claims brought under § 1983 which accrued prior to October 14, 2003 are barred by the statute of limitations. The vast majority of the instances of discrimination alleged in Plaintiff's complaint accrued prior to October 14, 2003, and thus they are time-barred. They were correctly dismissed by the district court.

The complaint alleges only two instances of discrimination which are not time-barred. The first instance was Plaintiff's promotion on October 26, 2003 to a permanent position of Line Supervisor II, which Plaintiff contends was inferior to other similarly classified positions held by PDP members in "responsibilities, work to be done, opportunity to work overtime hours, [and] persons supervised, among other things."

The second instance was the conversion in 2004 of a Line Supervisor III position into a Supervisor Engineer II position, which Plaintiff claimed was done in order to justify awarding the position to a PDP sympathizer, Engineer Martin Wah, rather than to him. Plaintiff alleges that these actions taken by his supervisors, who were PDP members or sympathizers, were motivated by discriminatory animus against him by reason of his membership in the NPP, as well as in retaliation for his complaints of discrimination.

In order to establish a case of political discrimination or retaliation under the First Amendment, a plaintiff must not only show that he or she engaged in conduct which was constitutionally protected, but also that in making the adverse employment decision against him, the defendants were substantially motivated by the plaintiff's protected activity or status. <u>Powell</u> v. <u>Alexander</u>, 391 F.3d 1, 17 (1st Cir. 2004). If the defendants, moving for summary judgment, show entitlement to judgment by evidence that they were

not motivated by the illegal considerations alleged, the plaintiff must offer evidence capable of rebutting the defendants' showing, demonstrating that there is a material issue of fact in dispute. Id. "[U]nsupported and speculative assertions regarding political discrimination will not be enough to survive summary judgment." Rivera-Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994).

As for Plaintiff's promotion to the position of Line Supervisor II in 2003, Plaintiff failed to point to any evidence showing that this action was an *adverse* employment decision. Apart from conclusory characterizations, he showed no evidence which would demonstrate that he was treated in a manner inferior to PDP sympathizers or that the responsibilities given his position were inferior to those of similarly classified PDP sympathizers. While Plaintiff submitted time-sheets for two PDP sympathizers, one of whom Plaintiff alleged had superior work responsibilities and benefits for the same position that Plaintiff occupied, Plaintiff submitted no time-sheets or other evidence of his own work which would provide a basis for such comparison. He failed to raise an issue of material fact.

As to the 2004 reclassification, Defendants submitted evidence that the Line Supervisor III position was reclassified in order to recruit a needed engineer to the district of Barranquitas. Plaintiff did not point to any evidence in the record which could show that this reclassification was done for the purpose of

discrimination.  Indeed, Plaintiff provided no references to evidence even indicating that Wah was a member of the PDP. Plaintiff failed to put forth any evidence capable of rebutting Defendants' showing.

We have reviewed Plaintiff's other contentions and find them to be without merit.  The district court did not err in its rulings in favor of Defendants.

Judgment AFFIRMED.